NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0378n.06

No. 23-3792

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

COLUMBIA GAS TRANSMISSION, LLC,

     Plaintiff-Appellee,

v.

171.54 ACRES OF LAND, MORE OR LESS, IN
FAIRFIELD, HOCKING, MONROE, MORGAN,
MUSKINGUM, NOBLE, PERRY, AND VINTON,

     Defendant,

BLACKHAWK LAND AND RESOURCES, LLC,

     Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Sep 06, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

OPINION

_____

Before: MOORE, KETHLEDGE, and BLOOMEKATZ, Circuit Judges.

PER CURIAM. Columbia Gas Transmission, LLC, filed a condemnation action against several defendants, including Blackhawk Land and Resources, LLC, to facilitate the construction of a natural-gas pipeline. After years of litigation, Columbia purported to dismiss its claims against Blackhawk. Blackhawk then filed a motion for attorneys' fees, which the district court denied. Blackhawk appealed. We dismiss the appeal because we lack jurisdiction.

We have jurisdiction over appeals "from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. "A 'final decision' is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ray Haluch Gravel Co. v. Central Pension Fund*, 571 U.S. 177, 183 (2014).

In cases—like this one—that involve multiple parties and claims, an order can become final in one of three ways. First, the district court can issue a separate document entering final judgment as to all parties. Fed. R. Civ. P. 58(a). Second, 150 days can elapse from the entry of the final order in the civil docket (the time at which the district court should have issued a separate document). Fed. R. Civ. P. 58(c)(2)(B). Or third, the district court can enter final judgment as to fewer than all parties after it determines "there is no just reason for delay." Fed. R. Civ. P. 54(b).

None of those things has happened here. The district court issued an "Opinion and Order" dismissing the "following remaining associated named Defendants," but did not accompany that order with a final judgment. And that order came on July 17 of this year—50 days ago. *Id.* The court also denied Blackhawk's motion for attorney's fees on August 28 of last year, but did not certify that order under Rule 54(b). Given all those omissions, we lack jurisdiction to hear Blackhawk's appeal until the district court enters a final judgment either ending the litigation entirely or ending it as to Blackhawk.

We dismiss the appeal.